IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL T. HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND and as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> ACOSTA'S TRANSPORT, INC. <br><br> Defendant. | Case No. |

## COMPLAINT

Now come Plaintiffs, the Chauffeurs, Teamsters & Helpers Local Union No. 301 Health & Welfare Fund, et al., by their attorney, Travis J. Ketterman of McGann Ketterman & Rioux, complaining of the Defendant Acosta's Transport, Inc. and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chauffeurs, Teamsters, & Helpers Local Union No. 301 Health & Welfare Fund and Chauffeurs, Teamsters, & Helpers Local Union No. 301 Pension Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chauffeurs, Teamsters, & Helpers Local Union No. 301 ("Union"), and therefore are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 36990 N. Green Bay Road, Waukegan, Illinois, and venue is proper in the Northern District of Illinois.

3. Acosta's Transport, Inc. is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement whose terms require Defendant to pay benefit contributions to the Trust Funds.

4. The Collective Bargaining Agreement also binds Acosta's Transport, Inc. to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. Acosta's Transport, Inc. must submit a monthly contribution report and the benefit contributions owed to the Trust Funds. Acosta's Transport, Inc. must also submit timely payment of the corresponding benefit contributions listed on its monthly contribution report to the Trust Funds.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Acosta's Transport, Inc. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. Acosta's Transport, Inc. breached the provisions of the Collective Bargaining Agreement by failing to provide access to the records necessary for the Trust Funds to determine whether Acosta's Transport, Inc. made the proper benefit contributions for the period of January 1, 2022 through the present. This breach occurred after several attempts by the Funds, the Funds' auditor and the Funds' legal counsel to request and obtain the documents.

8. Plaintiffs have been required to engage the undersigned attorney to compel the production of the documents necessary to determine whether Acosta's Transport, Inc. made the proper benefit contributions.

9. Acosta's Transport, Inc. is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

10. According to the Collective Bargaining Agreement, the Trust Agreements and 29 U.S.C. §1132(g), Acosta's Transport, Inc. is obligated to pay any benefit contributions owed to the Trust Funds, as well as liquidated damages and interest.

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of (a) double interest; or (b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That Defendant Acosta's Transport, Inc. be ordered to produce the records necessary to determine whether Acosta's Transport, Inc. made the proper benefit contributions for the period of January 1, 2022 through the present;

B. That Defendant Acosta's Transport, Inc. be ordered to pay any benefit contributions owed by the Defendant to the Trust Funds;

C. That Defendant Acosta's Transport, Inc. be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs;

D. That Defendant Acosta's Transport, Inc. be ordered to pay liquidated damages and interest on the benefit contributions owed by the Defendant to the Trust Funds.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND et al.

By:       s/Travis J. Ketterman
_____
TRAVIS J. KETTERMAN

McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2300
Chicago, Illinois 60601
(312) 251-9700
tketterman@mkrlaborlaw.com
June 30, 2025